IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENNIS DUANE DESHAW, et al., ) | CIVIL NO. 14-00055 SOM/KSC |
| ) | |
| Plaintiffs, ) | ORDER GRANTING MOTION TO |
| ) | DISMISS FOR LACK OF SUBJECT- |
| vs. ) | MATTER JURISDICTION |
| ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**ORDER GRANTING MOTION TO DISMISS
FOR LACK OF SUBJECT-MATTER JURISDICTION**

**I.      INTRODUCTION.**

Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Bank of America, N.A. ("BANA"), and The Bank of New York Mellon ("BNYM") (collectively, "Defendants") move to dismiss the Complaint filed by Plaintiffs Dennis Duane DeShaw and Susan Kay Broer-DeShaw ("Plaintiffs") on January 31, 2014, which seeks a declaration from this court as to "which entities (if any) have an interest in their home, the Note, or the Mortgage" on real property located in Waipahu, Hawaii.  ECF No. 1, PageID # 2.  The court grants the motion to dismiss because Plaintiffs do not have standing to bring this action, and have failed to establish that the amount in controversy exceeds $75,000.  The court, therefore, is without subject-matter jurisdiction.[1]

---

[1] On May 21, 2014, Defendant Bayview Loan Servicing, LLC ("Bayview") filed a joinder in the motion to dismiss.  See ECF

## II.     FACTUAL BACKGROUND.

On July 26, 2006, Plaintiffs executed a promissory note (the "Note") in connection with a $418,400.00 loan secured by a mortgage (the "Mortgage") on real property on Kaaholo Street in Waipahu on the island of Oahu (the "Property"). ECF No. 2, PageID # 2; ECF No. 1-1; ECF No 1-2; ECF No. 14-1, PageID # 125. The Mortgage lists First Magnus Financial Corporation as the Lender and MERS as the nominee for the Lender and the Lender's successors and assigns. ECF No. 1-2, PageID # 22.

Under the terms of the Mortgage, "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." Id., PageID # 32. The Mortgage also states that the Loan Servicer, which "collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security

---

No. 18. Because the joinder was filed outside of the seven-day period permissible under Local Rule 7.9 for a "substantive joinder," through which a party may seek for itself the same relief the movant seeks, and because the joinder fails to "clearly state that it seeks such relief so that it is clear that the joinder does not simply seek relief for the original movant," the court treats the joinder filed by Bayview as a simple joinder, only requesting relief for the movants. Under Local Rule 7.9, a simple joinder can be filed at any time. However, because the court finds that the relief available to the movants is equally applicable to Bayview, Plaintiffs' Complaint is also dismissed as against Bayview.

Instrument, and Applicable Law[,]" may change, and that "Borrower will be given written notice of the change[.]"  Id.

On August 25, 2011, an Assignment of Mortgage (the "Assignment") was executed by Christopher Herrera, listed as an Assistant Secretary for MERS, by which MERS transferred its interest in the Mortgage to BNYM, as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-32CB, Mortgage Pass-Through Certificates, Series 2006-32CB.  ECF No. 1-4, PageID # 40.  The Assignment was recorded in the State of Hawaii Bureau of Conveyances on September 2, 2011.  ECF No. 1-4, PageID # 40.

The parties agree that BANA acted as the servicer and sent Plaintiffs monthly statements until October 15, 2012, when servicing rights were transferred to Bayview.  ECF No. 1, PageID # 7-8, 11; ECF No. 14-1, PageID # 125-26; ECF No. 1-9, PageID # 60.

On January 31, 2014, Plaintiffs filed a Complaint purporting to be an action to quiet title.  ECF No. 1, PageID # 11.  Plaintiffs say they "are willing and able to pay their mortgage" but "do not know which entities (if any) have an interest in their home, the Note, or the Mortgage."  Id., PageID # 2.  Plaintiffs argue that without a determination by the court as to which entities have such interests, Plaintiffs "may face double or triple liability for the Note, and may face wrongful

litigation in Court." Id., PageID #2-3.  In support of their request for this determination, Plaintiffs allege that no party has indicated that it has the Note.  Id., PageID # 12-13. Plaintiffs also contend that the Assignment is void because it is "a forged document" that Christopher Herrera lacked authority to execute, and because the assignee is a closed trust.  Id., PageID # 14.

Defendants filed their motion to dismiss the Complaint on May 7, 2014, arguing, *inter alia*, that the court lacks subject-matter jurisdiction over this action.  ECF No. 14-1, PageID # 130-33.

**III.	STANDARD.**

**A.	Rule 12(b)(1).**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP"), a complaint may be dismissed for lack of subject-matter jurisdiction.

An attack on subject-matter jurisdiction "may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id.  A factual attack, on the other hand, "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.

4

If the moving party makes a facial challenge, as is the case here, the court's inquiry is "confin[ed] . . . to allegations in the complaint[.]" Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty., 343 F.3d 1036, 1040 (9th Cir. 2003). Such allegations are taken by the court as true. Courthouse News Serv. v. Planet, 750 F.3d 776 (9th Cir. 2014).

**B. Article III Standing.**

Under Article III of the United States Constitution, the jurisdiction of federal courts is limited to cases and controversies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). One of the means by which a federal court determines whether a dispute is a justiciable case or controversy is the doctrine of standing. Id. at 560. Standing may be raised through a motion to dismiss under Rule 12(b)(1) because it bears on a federal court's subject-matter jurisdiction. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

To establish standing under Article III, "a plaintiff must show (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent . . . ; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Covington v. Jefferson Cnty., 358 F.3d 626, 637-38 (9th Cir. 2004) (internal quotation marks and citation omitted).

The plaintiff has the burden of establishing standing based on the complaint. Raines v. Byrd, 521 U.S. 811, 818 (1997); Lujan, 504 U.S. at 561. "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561.

"For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Bernhardt v. Cnty. of Los Angeles, 279 F.3d 862, 867 (9th Cir. 2002).

**IV.     ANALYSIS.**

Plaintiffs' counsel, Robert L. Stone of Property Rights Law of Hawai'i, Inc., has, on behalf of other plaintiffs, made nearly identical allegations and claims in many previous actions rejected by this court.[2] See Dimitrion v. Morgan Stanley Credit

---

[2] In Property Rights Law Group, P.C. v. Lynch, No. 13-00273 SOM/RLP, 2014 WL 2452803 (D. Haw. May 30, 2014), this court noted significant evidence that Robert L. Stone has made false representations to his clients by stating that his firm has "never lost a case," despite adverse outcomes for his clients in numerous cases. Id. at *2. Stone stated his belief that such a representation, which he acknowledged making, is accurate because none of his clients at the time had yet been evicted from their homes. Id. This court noted, however, that at least one of the

6

Corp., No. 13-00125 DKW/BMK, 2014 WL 2439631 (D. Haw. May 29, 2014); Broyles v. Bank of Am., N.A., No. 13-00540 LEK/KSC, 2014 WL 1745097 (D. Haw. Apr. 30, 2014); Moore v. Deutsche Bank Nat. Trust Co., No. 13-00506 DKW/RLP, 2014 WL 1745076 (D. Haw. Apr. 30, 2014); Wegesend v. Envision Lending Grp., Inc., No. 13-00493 DKW/KSC, 2014 WL 1745340 (D. Haw. Apr. 30, 2014); Dicion v. Mann Mortgage, LLC, No. 13-00533 JMS/KSC, 2014 WL 1366151 (D. Haw. Apr. 4, 2014); Pascua v. Option One Mortgage Corp., No. 13-00406 SOM/KSC, 2014 WL 806226 (D. Haw. Feb. 28, 2014). This action, like the others before it, is dismissed for lack of subject-matter jurisdiction.

**A.    Plaintiffs Lack Standing.**

In their Complaint, Plaintiffs allege that they are "willing and able to pay their mortgage" but "do not know which entities (if any) have an interest in their home, the Note, or the Mortgage." ECF No. 1, PageID # 2. Plaintiffs say that, absent a determination by the court on these issues, they "may face double or triple liability for the Note, and may face wrongful litigation in Court." Id., PageID # 2-3.

These allegations fail to establish standing. The potential for "double or triple liability" or "wrongful

---

firm's former clients claimed to have been evicted while represented by the firm, and that Stone's representation that his firm has "never lost a case" would not likely suggest to the ordinary consumer that Stone was not referring to the outcome of litigation, as is the obvious conclusion. Id. at *1.

7

litigation" due to uncertainty as to the various interests of the Defendants does not suffice as an injury-in-fact for Article III standing.  Plaintiffs have nowhere alleged in their Complaint that more than one party has demanded payment from them.  To the contrary, the Complaint states that only BANA demanded payment from them in June of 2012.  ECF No. 1, PageID # 10.  Without an allegation of multiple demands, or even an allegation that litigation has been commenced against them, the double or triple liability and wrongful litigation of which Plaintiffs complain cannot reasonably be characterized as "imminent," as required for the court to find an injury-in-fact.[3]  See Schmier v. U.S. Court of Appeals for Ninth Circuit, 279 F.3d 817, 821 (9th Cir. 2002) ("[The] injury must have actually occurred or must occur imminently; hypothetical, speculative or other 'possible future' injuries do not count in the standings calculus.").

As this court noted in Pascua, a plaintiff "cannot manufacture standing merely by inflicting harm on [himself] based on [his] fears of hypothetical future harm that is not certainly impending."  Pasuca, 2014 WL 806226, at *4 (quoting Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138 (2013)).  In this case, double

---

[3] At the hearing on the present motion, Plaintiffs' counsel confirmed that no two parties have simultaneously attempted to collect payment from Plaintiffs.  Although BANA demanded payment from Plaintiffs in June of 2012, servicing rights were transferred to Bayview in October of 2012, and BANA and Bayview never simultaneously demanded payment from Plaintiffs.

8

or triple payment or wrongful litigation is not "certainly impending," and thus cannot constitute an injury-in-fact for standing purposes.

At their core, Plaintiffs' allegations suggest that Plaintiffs are capable of paying their mortgage, but have decided not to out of fear that the wrong party will receive payment. See id. Plaintiffs' injury is, at best, their confusion and uncertainty as to which party can properly demand payment and, correspondingly, which party they should pay. See id. Plaintiffs fail to demonstrate that this injury is sufficiently concrete or particularized to support an injury-in-fact. See Dicion, 2014 WL 1366151, at *4 ("Plaintiff's injury is no more than his own uncertainty regarding which Defendant is entitled to his mortgage payments. Such a subjective uncertainty is neither sufficiently concrete nor particularized to constitute an injury-in-fact."); see also City of Los Angeles v. Lyons, 461 U.S. 95, 107 n.8 (1983) ("It is the reality of the threat of [objective] injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions."). Further, even assuming that Plaintiffs' uncertainty as to the interests of Defendants, or as to which party is entitled to payment, constituted an injury-in-fact, Plaintiffs' alleged injury does not appear fairly traceable to Defendants' conduct. Instead,

Plaintiffs appear to be uncertain because of their own alleged inability to discern the nature of their obligations.

In their opposition to Defendants' motion to dismiss, Plaintiffs appear to articulate, for the first time, their belief that no Defendant has any right to the Property, and that Plaintiffs "will suffer an imminent injury-in-fact in that they stand to lose possession of the Subject Property wrongfully" by foreclosure. ECF No. 20, PageID # 172-73. Even if such a purported injury had been alleged within the Complaint, it could not constitute an injury-in-fact for standing purposes considering the absence of any allegation that any Defendant has commenced foreclosure proceedings against Plaintiffs.[4] Under these circumstances, Plaintiffs' concern that they will be injured through wrongful loss of possession of the Property by foreclosure does not concern anything "imminent." Plaintiffs' alleged injury is entirely speculative and hypothetical. See Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) ("If a plaintiff faces a credible threat of harm, and that harm is both real and immediate, not conjectural or hypothetical, the plaintiff has met the injury-in-fact requirement for standing under Article III."); Schmier, 279 F.3d at 821 ("[The] injury must have actually occurred or must occur imminently;

---

[4] At the hearing on the present motion, Plaintiffs' counsel confirmed that no foreclosure proceedings have been commenced by any Defendant against Plaintiffs.

hypothetical, speculative or other 'possible future' injuries do not count in the standings calculus.").

Plaintiffs also allege for the first time in their opposition to the motion to dismiss that they "have suffered an actual injury in fact in that the title to the Subject Property is clouded." ECF No. 20, PageID # 173. Even if the Complaint itself contained this allegation, this purported injury is nothing but an unsupported legal conclusion insufficient to establish an injury-in-fact. See Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir. 2011). Uncertainty as to the identity of a note holder does not create a cloud on title. See Klohs v. Wells Fargo Bank, N.A., 901 F. Supp. 2d 1253, 1261 (D. Haw. 2012) ("[E]ven assuming some yet unknown entity is the true Note Holder entitled to receive payments, the fact that the entity is unknown is not a cloud on the title[.]" (quoting Homeyer v. Bank of Am., 2012 WL 4105132, at *6 (D. Idaho Aug. 27, 2012) (omitting internal quotation marks)). Further, although Plaintiffs allege in their opposition that title to the Property was clouded by Defendants' transfer of the Mortgage into a closed trust, such an allegation is merely a back-door way of challenging the Assignment. Plaintiffs, not having been a party to the Assignment from one lender to another, lack standing to raise such a challenge. See Deutsche Bank Trust Co. v. Beesley, No. 12-00067 SOM/KSC, 2012 WL 5383555, at *5 (D. Haw. Oct. 30, 2012).

Plaintiffs' allegations concerning a cloud on title do not establish standing.

Because Plaintiffs fail to demonstrate that they have standing to pursue their claims, the case is dismissed for lack of subject-matter jurisdiction.

> **B. Plaintiffs Fail to Establish That the Amount in Controversy is Sufficient to Invoke Diversity Jurisdiction.**

Even assuming Plaintiffs have standing, Plaintiffs have not demonstrated that the amount in controversy exceeds $75,000. Plaintiffs assert that the amount in controversy in this action is the value of the Property or the amount of the Mortgage, but neither assertion is viable.

It is well established that the amount in controversy in actions seeking declaratory or injunctive relief "is measured by the value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). The object of the litigation is "the particular and limited thing sought to be accomplished by the action." Ridder Bros., Inc. v. Blethen, 142 F.2d 395, 399 (9th Cir. 1944); see also Jackson v. Am. Bar Ass'n, 538 F.2d 829, 831 (9th Cir. 1976) ("Where the complaint seeks injunctive or declaratory relief and not monetary damages, the amount in controversy is not what might have been recovered in money, but rather the value of the right to be protected or the extent of the injury to be prevented.").

In this case, what Plaintiffs seek to accomplish does not implicate the amount of the Mortgage or the value of the Property. Although Plaintiffs fashion their claim as one to "quiet title," Plaintiffs are not alleging that they owe no debt with respect to the Property.[5] Nor do Plaintiffs seek to enjoin a foreclosure. In either of those circumstances, the debt or the property itself would be the object of the litigation. Instead, Plaintiffs seek a declaration to eliminate their uncertainty as to which Defendant is the right party to pay. The object of the litigation, then, is Plaintiffs' relief from that uncertainty, and the amount in controversy is the value of such relief.

However, as noted in Pascua, "[c]ourts are often disinclined to speculate as to the monetary value of something so vague and amorphous as a feeling of uncertainty." Pascua, 2014 WL 806226, at *5; see also Jackson, 538 F.2d at 831 (noting the difficulty in determining the monetary value of rights that "appear to be intangible [and] speculative"). As the party asserting the existence of diversity jurisdiction, Plaintiffs have the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. See In re Ford Motor Co./Citibank (S. Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001). Plaintiffs have failed to meet this burden.

---

[5] At the hearing on the present motion, Plaintiffs' counsel confirmed that Plaintiffs are not alleging that they owe nothing.

13

The value of the object of this litigation is uncertain and highly speculative, and Plaintiffs have not put forward any reason for the court to conclude that over $75,000 is at issue. Therefore, even assuming Plaintiffs have standing, Plaintiffs have failed to establish the existence of the requisite amount in controversy.

### C. The Court Dismisses Without Leave to Amend.

When a complaint is dismissed, "[l]eave to amend may be denied if a court determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Abagninin v. AMVAC Chemical Corp., 545 F.3d 733, 742 (9th Cir. 2008) (internal quotation marks and citation omitted). The allegation of additional facts consistent with the Complaint in this matter could not possibly establish subject-matter jurisdiction in this court. The injuries Plaintiffs allegedly suffered cannot serve as the basis for Article III standing, and Plaintiffs cannot plausibly allege an injury sufficient to pursue the declaratory relief they seek. Further, Plaintiffs cannot establish that the amount in controversy is in excess of $75,000 while remaining consistent with their Complaint. Therefore, the court dismisses the Complaint without leave to amend.

**V.     CONCLUSION.**

For the foregoing reasons, the court grants the motion to dismiss for lack of subject-matter jurisdiction and Plaintiffs' Complaint is dismissed as against all parties.  The Clerk of the Court is directed to enter judgment and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 10, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

DeShaw, et al. v. Mortgage Electronic Registration Systems, Inc., et al., Civ. No. 14-00055 SOM/KSC; ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION